**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY MAYER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>DRIVER SOLUTIONS, INC., DRIVER SOLUTIONS, LLC, DRIVER HOLDINGS, LLC, and C&S ACQUISITION, INC.,<br><br>        Defendants. | **CLASS ACTION**<br><br>**10-CV-1939 (JCJ)** |

## <u>ORDER</u>

It is hereby **ORDERED AND DECREED** this _____ day of _____, 2011, upon

consideration of the Motion for Leave to Amend filed by Plaintiff, Jeffrey Mayer, and all

memoranda in support and opposition, that Plaintiff's Motion is GRANTED with leave to file

the proposed Second Amended Complaint.

BY THE COURT:

_____
HON. J. CURTIS JOYNER, U.S.D.J.
UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY MAYER, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **10-CV-1939 (JCJ)** |
| v. | |
| DRIVER SOLUTIONS, INC., DRIVER SOLUTIONS, LLC, DRIVER HOLDINGS, LLC, and C&S ACQUISITION, INC., | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT TO JOIN USA TRUCK, INC. AND PAM TRANSPORTATION SERVICES, INC. AS DEFENDANTS

Plaintiff, Jeffrey Mayer, by and through his undersigned counsel, hereby moves under Rules 15, 19, or 20 of the Federal Rules of Civil Procedure to amend his complaint to join as defendants USA Truck, Inc. and PAM Transportation Services, Inc. This Court should grant Plaintiff's motion for the reasons set forth in Plaintiff's Memorandum of Law, the supporting Declaration of Rachel Bien and accompanying exhibits, and proposed form of order submitted herewith. Plaintiff respectfully requests oral argument if this motion is contested.

WHEREFORE, Plaintiff asks this Honorable Court to grant his motion, permit Plaintiff leave to file the proposed Second Amended Complaint, attached as Exhibit C to the Declaration of Rachel Bien, and award Plaintiff any other relief which this Court deems just and proper.

Dated: New York, New York
        February 16, 2011

Respectfully submitted,

By: /s/ Rachel Bien

**COMMUNITY LEGAL SERVICES, INC.**
Janet Ginzberg (Bar # 72152)
Brendan Lynch (Bar # 82675)
1424 Chestnut Street
Philadelphia, PA  19102
Telephone: 215-981-3700


**OUTTEN & GOLDEN LLP**
Adam T. Klein*
Justin M. Swartz*
Samuel R. Miller*
Rachel Bien*
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000
* *Admitted pro hac vice*

**Attorneys for Plaintiff and the Putative Class**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JEFFREY MAYER, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>        v.<br><br>DRIVER SOLUTIONS, INC., DRIVER SOLUTIONS, LLC, DRIVER HOLDINGS, LLC, and C&S ACQUISITION, INC.,<br><br>                  Defendants. | **CLASS ACTION**<br><br>**10-CV-1939 (JCJ)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT TO JOIN USA TRUCK, INC. AND PAM TRANSPORTATION SERVICES, INC. AS DEFENDANTS**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................................ 2

ARGUMENT .......................................................................................................................... 4

   I.  Joinder of the Trucking Companies Is Appropriate Under Both Fed. R. Civ. P. 20 and 19 .. 4

     A.  Plaintiff Meets the Requirements for Joinder Under Rule 20 ......................................... 4

       1.  The Trucking Companies Are Jointly and Severally Liable for the Alleged
       Discrimination ................................................................................................................. 5

       2.  Common Questions of Law and Fact Unite All Defendants. ....................................... 6

     B.  Plaintiff Meets the Requirements for Joinder Under Rule 19. ......................................... 6

   II.  The Trucking Companies are Proper Defendants Despite Not Being Named as
   Respondents in Plaintiff's EEOC Charge. ................................................................................. 8

   III.  The Court Should Grant Plaintiff Leave to Amend. ....................................................... 11

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acierno v. Preit-Rubin, Inc.*,
199 F.R.D. 157 (D. Del. 2001) ...............................................................................7

*Alexander v. Fulton City*,
207 F.3d 1303 (11th Cir. 2000) ..............................................................................5

*Anthony v. Quimby*,
Nos. 87-8250, 88-1877, 1990 WL 59364 (E.D. Pa. May 2, 1990)..........................7

*Baranek v. Kelly*,
630 F. Supp. 1107 (D. Mass. 1986) .....................................................................7, 8

*Bell v. Lockheed Martin Corp.*,
No. 08-6292, 2010 WL 2666950 (D.N.J. June 23, 2010).......................................6

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
954 F.2d 874 (3d Cir.1992)....................................................................................11

*Bradley v. Pizzaco of Neb., Inc.*,
7 F.3d 795 (8th Cir. 1993) .......................................................................................5

*Brewster v. Shockley*,
554 F. Supp. 365 (W.D. Va. 1983) ........................................................................10

*Evans v. Sheraton Park Hotel*,
503 F.2d 177 (D.C. Cir. 1974)..............................................................................7, 8

*Gill v. Monroe County Dept. of Soc. Servs.*,
79 F.R.D. 316 (W.D.N.Y. 1978)..............................................................................8

*Glus v. C.G. Murphy Co.*,
562 F.2d 880 (3d Cir. 1977)..............................................................................2, 8, 9

*Glus v. G.C. Murphy Co.*,
629 F.2d 248 (3d Cir. 1980)....................................................................................9

*Myers v. Garfield & Johnson Enters.*,
679 F. Supp. 2d 598 (E.D. Pa. 2010) ......................................................................5

*Powers v. Ala. Dept. of Educ.*,
854 F.2d 1285 (11th Cir. 1988) ...............................................................................5

*Schindler Elevator Corp. v. Otis Elevator Co.*,
No. 09-560, 2009 WL 1351578 (D.N.J. May, 14 2009)..........................................5

*Scott v. Topeka Police & Fire Civil Serv. Comm'n*,
739 F. Supp. 1434 (D. Kan. 1990) ............................................................5

*Scott v. Twp. of Bristol*,
No. 90-1412, 1990 WL 178556 (E.D. Pa. Nov. 14, 1990) ......................9

*Shomo v. Mugar Enters., Inc.*,
No. 2007-154, 2009 WL 3181936 (D.V.I. Sept. 28, 2009) ...................10

*Trueposition, Inc. v. Allen Telecom, Inc.*,
No. 01-823, 2002 WL 1558531 (D. Del. July 16, 2002) ......................11

*Urey v. E. Hempfield Twp.*,
No. 08-5346, 2009 WL 561664 (E.D. Pa. Mar. 4, 2009) ......................9

*Williams v. City of Montgomery*,
742 F.2d 586 (11th Cir. 1984) ..................................................................5

*Williamson v. Bethlehem Steel Corp.*,
488 F. Supp. 827 (W.D.N.Y. 1980) ..........................................................8

*Zustovich v. Harvard Maint., Inc.*,
No. 08 Civ. 6856, 2009 WL 735062 (S.D.N.Y. Mar. 20, 2009) ...........10

**FEDERAL REGULATIONS**

29 C.F.R. § 1604.6(b) ...........................................................................5, 6

**FEDERAL RULES**

Fed. R. Civ. P. 15 ..............................................................................1, 2, 11

Fed. R. Civ. P. 19 ............................................................................1, 6, 7, 8

Fed. R. Civ. P. 20 ...............................................................................1, 4, 6

**OTHER AUTHORITIES**

11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
Procedure § 2956 (2d ed. 1995) ...............................................................7

EEOC Notice No. 915.002, Enforcement Guidance: Application of EEO Laws to
Contingent Workers Placed by Temporary Employment Agencies and Other Staffing
Firms (Dec. 3, 1997) .................................................................................6

## INTRODUCTION

Plaintiff Jeffrey Mayer brought this action to challenge Defendant Driver Solutions'
policy and practice of barring applicants with criminal histories.  That practice perpetuates the
racial and ethnic disparities in the criminal justice system, thereby causing disparate impact in
violation of Title VII.  Plaintiff sued Driver Solutions as the hiring agency to which he had
submitted his application, and which communicated the decision to reject him.  Indeed, Driver
Solutions is the exclusive portal through which entry-level truck drivers apply to two trucking
companies – USA Truck, Inc. ("USA") and PAM Transportation Services, Inc. ("PAM")
(together, "the Trucking Companies") – for training and ultimate placement.  Subsequent to
filing this lawsuit, Plaintiff learned that the Trucking Companies have been integrally involved in
setting the criminal background policy.  Plaintiff therefore moves pursuant to Rules 15 and 19 or
20 of the Federal Rules of Civil Procedure to amend his complaint to join the Trucking
Companies.

The Court should grant Plaintiff leave because he meets the requirements for joinder
under both Rules 20 and 19.  Rule 20 is satisfied because the Trucking Companies are jointly
liable for the alleged discrimination, and questions of law and fact are common to all
Defendants.  Alternatively, Plaintiff meets the requirements of Rule 19 because joinder of the
Trucking Companies is necessary to achieve complete relief.  As alleged in Plaintiff's proposed
Second Amended Complaint ("SAC"),[1] the Trucking Companies designed the allegedly
unlawful hiring criteria that Plaintiff challenges and, after this lawsuit was filed, took over their
implementation from Driver Solutions.  SAC ¶¶ 2, 22, 24, 56, 81-82.  As a result, the injunctive
relief that Plaintiff seeks can be fully effectuated only by joining the Trucking Companies as

---

[1]     The proposed Second Amended Complaint is attached as Exhibit C to the Declaration of
Rachel Bien in Support of Plaintiff's Motion for Leave to Amend ("Bien Decl.").

Defendants in this case.

Although Plaintiff did not name the Trucking Companies as respondents in his Equal

Employment Opportunity ("EEOC") charge, an exception to the exhaustion requirement applies

because the Trucking Companies and Driver Solutions share a "commonality of interest" under

*Glus v. C.G. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977), and jointly participated in the allegedly

discriminatory scheme.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2010, Plaintiff filed a class action complaint alleging that Driver Solutions'

policy and practice of barring applicants with criminal records violated Title VII of the Civil

Rights Act of 1964 because it has a disparate impact on African Americans and Latinos.  *See*

Bien Decl. Ex. A (Complaint).[2]  Restrictions on hiring or placing individuals with criminal

records have a disproportionately severe effect on these groups because of their

overrepresentation in the criminal justice system.  Bien Dec. Ex. B (First Amended Complaint

("FAC") ¶ 33; Ex. C (proposed Second Amended Complaint ("SAC")) ¶ 49.  Driver Solutions'

policy is particularly sweeping because it bars all applicants with felony convictions, no matter

their age or relation to the job, from obtaining entry-level truck driver placements with the two

Trucking Companies for which it recruits.  FAC ¶ 1, 37, 53-54; SAC ¶¶ 2, 53, 73-74.

In May 2009, Plaintiff Jeffrey Mayer submitted an application form for a truck driver

placement through Driver Solutions' website.  FAC ¶ 4, 39; SAC ¶¶ 6, 55.  Plaintiff had worked

for many years as a bus driver and already had a Class B Commercial Drivers License.  FAC ¶ 3-

4, 48; SAC ¶¶ 5-6, 68.  Soon after he submitted his application, a Driver Solutions' driver agent

---

[2]    Plaintiff filed a First Amended Complaint as a matter of course pursuant to Rule 15 on
July 23, 2010.  Henceforth, Plaintiff will cite to the First Amended Complaint and/or to the
proposed Second Amended Complaint.

named David Locke called Plaintiff for an interview.  FAC ¶ 49; SAC ¶ 69.  During the interview, Plaintiff told Mr. Locke that he had a prior felony conviction and asked whether the conviction could have any impact on his chances of getting a placement.  FAC ¶ 50; SAC ¶ 70.  Mr. Locke told Plaintiff that the felony would prevent him from obtaining a placement and ended the interview.  Driver Solutions did not offer Plaintiff a placement.  FAC ¶ 53; SAC ¶ 73.

On July 23, 2009, Plaintiff filed a charge of discrimination with the EEOC naming Driver Solutions as the respondent.  FAC ¶ 31; SAC ¶¶ 45-46.  At the time that Plaintiff filed his charge, he was not aware that the Trucking Companies had designed the hiring criteria that Driver Solutions applied to applicants, including the criteria that barred applicants with criminal histories.  SAC ¶¶ 46-47.  He also was not aware that Driver Solutions recruited exclusively for the Trucking Companies or that, if he had obtained a placement, it would be with one of the two of them.  SAC ¶ 7.  He did allege, however, that he had applied for a placement with a Driver Solutions' "network trucking company" because it was his understanding that Driver Solutions had affiliations with certain "network trucking companies," as represented on its website.  SAC ¶¶ 8, 47.  After more than 180 days elapsed without a cause finding, Plaintiff requested that the EEOC issue him a notice of right to sue.  FAC ¶ 31; SAC ¶ 45.  Plaintiff is not aware of any effort made by the EEOC to attempt to conciliate the parties' dispute before it issued the notice of right to sue.  Bien Decl. ¶ 4.

On July 2, 2010, Driver Solutions moved to dismiss the complaint on the grounds of personal jurisdiction, venue, and failure to plead a cognizable claim.  Bien Decl. ¶ 8.  Accompanying its motion, Driver Solutions submitted a declaration from its Chief Executive Officer, Michael Benkert.  *Id*. Ex. D.  In the declaration, Mr. Benkert identified the trucking companies for which Driver Solutions recruits – PAM and USA.  *Id*. ¶ 5.  Mr. Benkert also

stated that PAM and USA "specify the screening criteria that an applicant must satisfy in order to be eligible . . . for hire," and that "Driver Solutions does not develop or have authority to change or deviate from any of the Trucking Company's screening criteria." *Id*. ¶¶ 8-9.

On or about August 6, 2010, the parties agreed to engage in an informal exchange of information in order to attempt to negotiate a settlement.  Bien Decl. ¶ 9.   The Court granted their request for a stay of litigation on August 12, 2010 and again on October 7, 2010 and November 9, 2010, to enable them to focus on these negotiations.  *Id*.

In or around November 2010, Plaintiff learned that Driver Solutions no longer applied the criminal record screening policy for the Trucking Companies.  SAC ¶¶ 81-82.  Plaintiff understands that the Trucking Companies took over that function from it and now screen applicants' criminal histories.  *Id*.

## ARGUMENT

**I.**    **Joinder of the Trucking Companies Is Appropriate Under Both Fed. R. Civ. P. 20 and 19.**

### A.    Plaintiff Meets the Requirements for Joinder Under Rule 20.

Plaintiff meets the two requirements for joinder under Federal Rule of Civil Procedure 20(a)(2) because Driver Solutions and the Trucking Companies are jointly and severally liable for the discriminatory effects of the allegedly discriminatory hiring criteria, and several questions of law and fact are common to the claims against them.  *See* Fed. R. Civ. P. 20(a)(2)(A)-(B) (permitting joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or services of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action").

1.     **The Trucking Companies Are Jointly and Severally Liable for the Alleged Discrimination.**

Driver Solutions' and the Trucking Companies' liability stems from the same transaction or occurrence – the discriminatory impact of the criminal history screen that Driver Solutions applied and the Trucking Companies designed.  The terms "'transaction or occurrence' [are] construed generously to promote judicial economy." *Schindler Elevator Corp. v. Otis Elevator Co.*, Civil Action No. 09-560 (DMC), 2009 WL 1351578, at *2 (D.N.J. May, 14 2009).  "[A]ll logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Alexander v. Fulton City*, 207 F.3d 1303, 1323 (11th Cir. 2000) (internal quotation marks omitted), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).

Here, Plaintiff alleges that the Trucking Companies designed the allegedly unlawful hiring policy that Driver Solutions previously applied to Plaintiff and to similarly situated truck driver applicants.  SAC ¶¶ 2, 22, 24, 56.  Caselaw, the regulations enforcing Title VII, and EEOC guidance support a finding of liability against an employer that requires a third party to apply a discriminatory personnel policy or that delegates its hiring or personnel functions to a third party that applies them unlawfully.  *See, e.g., Myers v. Garfield & Johnson Enters.*, 679 F. Supp. 2d 598, 605 (E.D. Pa. 2010) ("[I]n the Third Circuit, two distinct entities may be liable for the same Title VII violation . . . when one entity acted as the agent of the other");[3] 29 C.F.R. §

---

[3]     *See also Bradley v. Pizzaco of Neb., Inc.*, 7 F.3d 795, 799 (8th Cir. 1993) (remanding for entry of an injunction against a franchisor that required its franchisee to enforce a grooming policy that had a disparate impact); *Powers v. Ala. Dept. of Educ.*, 854 F.2d 1285, 1294 (11th Cir. 1988) ("an employer cannot delegate several aspects of its promotion procedure to another agency . . . and then escape liability if that agency develops discriminatory practices"); *Williams v. City of Montgomery*, 742 F.2d 586, 589 (11th Cir. 1984) (city held liable even though it had "delegated control of some of the employer's traditional rights," including hiring, to a personnel board); *Scott v. Topeka Police & Fire Civil Serv. Comm'n*, 739 F. Supp. 1434, 1438 (D. Kan.

1604.6(b) ("An employment agency that receives a job order containing an unlawful sex specification *will share responsibility with the employer* . . . .") (emphasis added); EEOC Notice No. 915.002, Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms (Dec. 3, 1997), *available at* http://www.eeoc.gov/policy/docs/conting.html ("The staffing firm's client is liable if it sets discriminatory criteria for the assignment of workers . . . A client that rejects workers for discriminatory reasons is liable either as a joint employer or third party interferer.")

### 2.   Common Questions of Law and Fact Unite All Defendants.

The second prong of Rule 20, requiring that the claims share a common factual or legal question, "does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties." *Bell v. Lockheed Martin Corp.*, Civil No. 08-6292 (RBK/AMD),  2010 WL 2666950, at *4 (D.N.J. June 23, 2010) (internal quotation marks omitted).  Among the common factual and legal claims against Driver Solutions and the Trucking Companies are: whether Defendants' hiring policy barred applicants with criminal records and if so, the scope of such policy; whether the policy had a disparate impact on African Americans and Latinos; whether a business necessity justified the disparate impact; whether there is an alternative that would have reduced the discriminatory impact; and whether Defendants' practices are subject to a common remedy in the form of a criminal background screening policy that is compliant with Title VII.  These common questions are more than sufficient to satisfy Rule 20(a)(2)(B).  *See Bell*, 2010 WL 2666950, at *4.

### B.   Plaintiff Meets the Requirements for Joinder Under Rule 19.

Alternatively, the Court should join the Trucking Companies under Rule 19 because,

---

1990) (holding employer liable for discriminatory hiring decision of its agent).

without them, Plaintiff cannot obtain the primary relief he seeks:  injunctive relief.  *See* Fed. R. Civ. P. 19(a)(1)(A) (requiring the joinder of a party if "in that person's absence, the court cannot accord complete relief among existing parties").  The Trucking Companies now both determine the criteria that apply to applicants with criminal histories and apply those criteria.  SAC ¶¶ 2, 22, 24, 56, 81-82.  Although the Court could enjoin Driver Solutions from applying the policy if it determines it is unlawful, this would not achieve complete relief because the Court cannot enjoin the Trucking Companies from applying the policy unless they are joined.  *See Anthony v. Quimby*, Nos. 87-8250, 88-1877, 1990 WL 59364, at *11 (E.D. Pa. May 2, 1990) (where an entity that exerts control over the unlawful practice is not a party to the litigation, the "court has no jurisdiction to issue any orders, much less a preliminary injunction, against [it]"); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 1995) ("[a] court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction").

Recognizing this, courts have joined defendants under Rule 19(a) where, as here, they were necessary to effectuate the requested injunctive relief.  *See Evans v. Sheraton Park Hotel*, 503 F.2d 177, 179-181 (D.C. Cir. 1974) (where plaintiff sued several local unions, but not the International, International was indispensable under Rule 19 because "[w]hile money damages was an available remedy to compensate for any past illegal discrimination, we conclude that without International complete relief could not be accorded . . . [to plaintiff] by way of injunctive relief necessary to prevent future discrimination"); *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157, 163 (D. Del. 2001) (joining county as necessary party in action against landowner where "the injunctive relief sought by [plaintiff] necessarily depend[ed] on the [c]ounty's approval" of the allegedly unlawful conduct); *Baranek v. Kelly*, 630 F. Supp. 1107, 1112-13 (D. Mass. 1986) (the

use of Rule 19(a) to effectuate injunctive relief is "consistent with Title VII's grant of broad equitable powers to the courts to eradicate the effects of discrimination") (citing *Equal Emp't Opportunity Comm'n v. MacMillian Bloedel Containers, Inc.*, 503 F.2d 1086, 1095-96 (6th Cir. 1983)); *see also* Fed. R. Civ. P. 19 advisory committee's note (Rule 19(a)(1) stresses "the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow,' rather than complete, relief to the parties before the court").

## II.   The Trucking Companies are Proper Defendants Despite Not Being Named as Respondents in Plaintiff's EEOC Charge.

Under Title VII, a defendant may be sued, or joined in an existing suit, regardless of whether that entity was named as a respondent in the plaintiff's EEOC charge.  The Third Circuit has explained that it does "not believe that the procedures of Title VII were intended to serve as a stumbling block to the accomplishment of the statutory objective" of combating discrimination in the workplace.  *Glus v. G. C. Murphy Co.* ("*Glus I*"), 562 F.2d 880, 887-88 (3d Cir. 1977); *see also Evans*, 503 F.2d at 183-84 (joining unnamed defendant where necessary to effectuate the requested injunctive relief).  The courts have explained that "Congress did not intend to limit the court's power to add necessary or desirable defendants[,] [because] [i]t is unrealistic to expect Title VII complainants filing EEOC charges to anticipate all of the parties who may or should be involved in subsequent litigation."  *Gill v. Monroe County Dept. of Soc. Servs.*, 79 F.R.D. 316, 334 (W.D.N.Y. 1978).  Further, parties who were not respondents before the EEOC may be added to a lawsuit "where it is a question of ensuring that full relief be given to persons who are victims of . . . discrimination."  *Williamson v. Bethlehem Steel Corp.*, 488 F. Supp. 827, 836 (W.D.N.Y. 1980).

The principles supporting the liberal use of joinder to effectuate the purpose of Title VII are well recognized in the Third Circuit's broad construction of the procedural requirements of

8

Title VII, including the charge filing provision.  *Glus I*, 562 F.2d at 887-88; *Urey v. E. Hempfield Twp.*, No. 08-5346, 2009 WL 561664, at *3 (E.D. Pa. Mar. 4, 2009) (noting that courts in the Third Circuit had excused the exhaustion requirement "in a variety of situations to allow suits to go forward").  Applying these precepts to the facts of this case, the Trucking Companies are proper defendants despite being unnamed in the EEOC charge.  In particular, the Trucking Companies and Driver Solutions are jointly liable for the discriminatory impact of the criminal background policy, and they share the same interest in defending that policy against Plaintiff's challenge. *See* Section I.A.1 above (discussing joint liability).  All three defendants thus have a commonality of interest in defending the use of the criminal background screen, and so long as one entity was named in the charge, the interests of all three were adequately represented.  *See Glus v. G.C. Murphy Co.* ("*Glus II*"), 629 F.2d 248, 251 (3d Cir. 1980) (where named and unnamed defendants shared common interests, unnamed defendant was not prejudiced by its absence from the EEOC process), *cert. granted, judgment vacated on other grounds sub nom. Retail, Wholesale & Dept. Store Union, AFL-CIO v. G.C. Murphy Co.*, 451 U.S. 935 (1981); *Urey*, 2009 WL 561664, at *4 (joinder allowed where a finding of liability against the named party would create liability against the unnamed party); *Scott v. Twp. of Bristol*, No. 90-1412, 1990 WL 178556, at *13 (E.D. Pa. Nov. 14, 1990) (unnamed and named defendants shared a commonality of interest where claim challenged unnamed defendants' application of named defendant's official policy).

Likewise, because their common interests were represented, there would be no prejudice in joining the Trucking Companies in this suit.  Particularly on the facts of this case, the Trucking Companies could not have been prejudiced because, as far as Plaintiff is aware, the EEOC did make any attempt to conciliate the parties' dispute, so that the Trucking Companies

did not suffer any actual lack of opportunity to voluntarily comply. *See Zustovich v. Harvard Maint., Inc*., No. 08 Civ. 6856, 2009 WL 735062, at *9 (S.D.N.Y. Mar. 20, 2009) ("By definition, . . . where there is no conciliatory action in the agency proceeding, there is no prejudice to the unnamed party."); *Brewster v. Shockley*, 554 F. Supp. 365, 369 (W.D. Va. 1983) (there can be no prejudice where EEOC did not attempt to secure voluntarily compliance from the named defendants); Bien Decl. ¶ 4.

Additionally, at the time he filed his charge, Plaintiff did not know that the Trucking Companies, not Driver Solutions, set the allegedly unlawful policy or that, if he obtained a placement, it would be with one of them. SAC ¶¶ 7, 46-47. Thus, he had no reason to name them in the charge because he did not know that they had been responsible for determining the hiring criteria he had challenged or that they were his prospective employers. In fact, Driver Solutions made it clear that new driver applicants must apply for placements by submitting their applications to Driver Solutions *only*, and that Driver Solutions was the exclusive portal through which placement decisions to the trucking companies would be made. *See* FAC ¶¶ 1, 4-5, 49, 53-54, 61; SAC ¶¶ 1, 6, 8-9, 56, 58, 69, 73-74, 85. *See Shomo v. Mugar Enters., Inc*., No. 2007-154, 2009 WL 3181936, at *5 (D.V.I. Sept. 28, 2009) (granting joinder where the named defendant controlled plaintiff's relationship with the unnamed party).

Alternatively, there is a second distinct exception, recognized by many courts in reliance on *Glus*, to naming all respondents in the EEOC charge, i.e., where the named and unnamed parties operated as part of a common discriminatory scheme. *See Zustovich*, 2009 WL 735062, at *7 n.3 (citing cases, including *Glus*); *Brewster*, 554 F. Supp. at 368-70 (allegations of a common scheme to deny plaintiff employment opportunities excused plaintiff's failure to name defendant State Board of Compensation's agents, Board of Supervisors and Sheriff, in the

charge).  Here, it is plain that the Trucking Companies and Driver Solutions have been engaged

in a common scheme to implement the criminal background policy designed by the Trucking

Companies.  Under these circumstances, the grounds for the charge filing provision have been

satisfied because the EEOC has been given full opportunity to investigate the challenged adverse

policy.  In other words, even if the Trucking Companies had been named in the charge, the

EEOC's investigation would have led it to the same policy, and it would have undertaken the

same analysis to determine whether that policy complies with Title VII.  Additionally, the charge

itself states that Plaintiff's on-line application with the company was for a training program that

"would qualify its graduates for a driving position *with the network trucking company*," thereby

providing information that, upon investigation, would have led the EEOC to uncover the actual

common scheme between these entities, and to the Trucking Companies' roles in setting policy.

SAC ¶ 47 (emphasis added).

### III.   The Court Should Grant Plaintiff Leave to Amend.

The Court should grant Plaintiff leave to amend under Rule 15 because he meets the

requirements for joinder and the amendment would not prejudice Driver Solutions and is not

futile.  Leave to amend shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15.

It is an abuse of discretion to deny leave to amend unless "plaintiff's delay in seeking

amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment]

fails to cure the jurisdictional defect."  *Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d

874, 886 (3d Cir.1992).  Driver Solutions is not prejudiced by the amendment because the

litigation is in its early stages and formal discovery has not commenced.  *See Trueposition, Inc.

v. Allen Telecom, Inc.,* No. 01-823, 2002 WL 1558531, at *2 (D. Del. July 16, 2002).  The

amendment also is not futile because, as discussed above, Plaintiff has asserted valid causes of

action against the Trucking Companies on which he is entitled to proceed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court GRANT his request for joinder of USA Truck, Inc. and PAM Transportation Services, Inc. as defendants in this action pursuant to Rule 19 or 20 of the Federal Rules of Civil Procedure, and GRANT  leave to file the proposed Second Amended Complaint pursuant to Rules 15 of the Federal Rules of Civil Procedure.

Dated: New York, New York
       February 16, 2011

Respectfully submitted,

By:  /s/ Rachel Bien

**COMMUNITY LEGAL SERVICES, INC.**
Janet Ginzberg (Bar # 72152)
Brendan Lynch (Bar # 82675)
1424 Chestnut Street
Philadelphia, PA  19102
Telephone: 215-981-3700


**OUTTEN & GOLDEN LLP**
Adam T. Klein*
Justin M. Swartz*
Samuel R. Miller*
Rachel Bien*
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000
* *Admitted pro hac vice*

**Attorneys for Plaintiff and the Putative Class**

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY MAYER, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **10-CV-1939 (JCJ)** |
| v. | |
| DRIVER SOLUTIONS, INC., DRIVER SOLUTIONS, LLC, DRIVER HOLDINGS, LLC, and C&S ACQUISITION, INC., | |
| Defendants. | |

## DECLARATION OF SERVICE

I, Rachel Bien, attorney for Plaintiff, Jeffrey Mayer, in the above-captioned matter, hereby declare that on the date listed below, I caused a true and correct copy of Plaintiff's Motion for Leave to Amend, Plaintiff's supporting Memorandum of Law, the Declaration of Rachel Bien and accompanying exhibits, a proposed Order, and this Declaration to be served upon Defendants' counsel, Jacqueline K. Gallagher, Jacob M. Sitman, and Colleen M. O'Donnell of Obermayer Rebmann Maxwell & Hippel LLP, One Penn Center, 19th Floor, 1617 JFK Boulevard, Philadelphia, PA 19103, by electronically filing the original aforementioned documents with the Court using the Electronic Case Filing ("ECF") System.  Those documents are available for viewing and downloading from the ECF System.

I also caused a true and correct copy of the aforementioned documents to be served on the entities that Plaintiff seeks to join as Defendants, USA Truck, Inc. and PAM Transportation Services, Inc., by mailing the documents to them via FedEx overnight mail at the following last know addresses of the entities and/or their attorneys:

13

USA Truck, Inc.
c/o Joseph F. Gilker, Esq.
Gilker and Jones
9222 North Highway 71
Mountainburg, Arkansas 72946


Daniel H. Cushman
President and CEO
PAM Transportation Services, Inc.
297 West Henri de Tonti Blvd
Tontitown, AR 72770

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing

statements are true and correct to the best of my knowledge, information, and belief.


Dated: New York, New York
       February 16, 2011


/s/ Rachel Bien
Rachel Bien