```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JEFFREY MAYER, individually and  : CIVIL ACTION
on behalf of all others          :
similarly situated               :
                                 : NO. 10-CV-1939
        vs.                      :
                                 :
DRIVER SOLUTIONS, INC.,          :
DRIVER SOLUTIONS, LLC.,          :
DRIVER HOLDINGS, LLC., and       :
C & S ACQUISITION, INC.          :
```

**ORDER**

AND NOW, this    13th    day of February, 2012, upon consideration of Plaintiff's Motion for Preliminary Approval of Settlement (Doc. No. 47) and it appearing to the Court that the Motion is uncontested and now following review of the Joint Stipulation of Settlement and Release executed by the parties on January 17, 2012, the proposed Claim Form, Revised Hiring Criteria and Court-Authorized Notice annexed to the within Motion, this Court hereby finds the following:

   1.   Plaintiff meets all of the requirements for class certification under Fed. R. Civ. P. 23(a)(1) - (4) because:

      a.   There are potentially thousands of class members thus making joinder impracticable.  See, e.g., Eisenberg v. Gagnon, 766 F.2d 770, 785-786 (3d Cir. 1985)("The allegation of more than 90 geographically dispersed plaintiffs met the numerosity requirement of Fed. R. Civ. P. 23(a)(1)").

b. Plaintiff and the class members share common issues of fact and law, such as whether Defendants' criminal background hiring policies and practices had a disparate impact on African Americans and Latinos and whether it was in fact justified by business necessity. See, e.g., Stewart v. Abraham, 275 F.3d 220, 227 (3d Cir. 2001)("The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class"(citing Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 2001)).

c. Plaintiff's and the class members' claims arise from the same course of events - they all applied for entry-level truck driver placements and were denied those placements as a result of Defendants' criminal background hiring policy. See, e.g., Stewart, supra. ("Cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying patterns underlying the individual claims").

d. There is no evidence that the Plaintiff's and the class members' interests are at odds. See, e.g., Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625-626, 117 S. Ct. 2231, 2250-2251, 138 L. Ed.2d 689 (1997)("A class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." (quoting East Tex. Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S. Ct. 1891, 1896, 52 L. Ed.2d 453 (1977)).

2. Plaintiff's claim for injunctive relief satisfies Fed. R. Civ. P. 23(b)(2) because Defendants applied the criminal background hiring policy uniformly to all members of the class, and thus the class as a whole shares the same interest in obtaining the injunctive relief provided by the settlement - prospective changes to the hiring policy.  See, e.g., Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548-2549, 180 L. Ed.2d 374 (2011)("Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.")

3. Plaintiff's claim for monetary damages satisfies Fed. R. Civ. P. 23(b)(3) in that common factual allegations and a common legal theory predominate over any factual or legal variations among class members.  See, e.g., Amchem, 521 U.S. at 615; Easterling v. Connecticut Dept. Of Corrections, No. 3:08 Civ. 826, 2011 U.S. Dist. LEXIS 134524 at *15 (D. Conn. Nov. 22, 2011)("Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'").

4. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly

those who lack the resources to bring their claims individually. See, e.g., Amchem, 521 U.S. at 616-617.

5. The Settlement Agreement is the result of extensive, arm's-length negotiations by counsel experienced in the prosecution of Title VII class actions and is within the range of possible settlement approval, such that notice to the class is appropriate.

6. The Settlement Agreement was reached at least in part through the assistance of an experienced mediator, Alfred G. Feliu, Esquire, which further reinforces that it is non-collusive.

7. Plaintiff's counsel, Community Legal Services and Outten & Golden, LLP have significant experience in handling class actions and Title VII matters, are knowledgeable with respect to the laws applicable to the claims that have been raised in this action, have done extensive work thus far in this matter, particularly with respect to the identification and investigation of the Plaintiff's and the class' claims and possess the resources necessary to bring this matter to successful completion. See, Fed. R. Civ. P. 23(g)(1).

8. The proposed class Notice comports with the requirements of due process and Fed. R. Civ. P. 23(c)(2).

NOW THEREFORE, it is hereby ORDERED:

A. The Settlement agreement memorialized in the Joint Stipulation of Settlement and Release attached as Exhibit "B" to

the Declaration of Rachel Bien is PRELIMINARILY APPROVED;

 B. The following class is PROVISIONALLY CERTIFIED for settlement purposes:

> All Latino and African American individuals who submitted applications for a placement with one of the trucking companies for which Defendants recruit inexperienced truck drivers and whom Defendants rejected based on their criminal background between January 24, 2009 and September 30, 2010

 C. Plaintiff's counsel, Outten & Golden, LLP and Community Legal Services are APPOINTED as class counsel;

 D. The proposed Court-Authorized Notice (hereafter "Notice") attached as Exhibit "C" to the Declaration of Rachel Bien is APPROVED;

 E. The proposed Claim Form, which is attached as Exhibit "D" to the Declaration of Rachel Bien is APPROVED; and

 F. The Court hereby APPROVES the following Schedule for Final Resolution of this matter:

> (1) Within five (5) days of the entry date of this Order, Defendants shall provide the claims administrator with a list, in electronic form, of the following for all class members: (a) last known address; (2) last known telephone number; (c) date on which Defendants received their application for employment, and (4) information regarding felony criminal history, if such information exists in Defendants' records ("Class List");
>
> (2) The Claims Administrator shall mail the Settlement Notice and Claim Form to class members within ten (10) days of receipt of the Class List;
>
> (3) Class members shall have thirty (30) days from the date the Settlement Notice is mailed to opt out of or object to the settlement;
>
> (4) Class members shall have sixty (60) days to return a Claim Form from the date the Settlement Notice is mailed;

(5) Plaintiff shall file a Motion for Final Approval of Settlement no later than thirty (30) calendar days after the expiration of the deadline for return of the Claim Forms or by no later than <u>July 16, 2012.</u>

(6) A final fairness hearing is scheduled in this matter for 10 a.m. on Wednesday, <u>August 15, 2012</u> before the undersigned in Courtroom 17A, U.S. District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

(7) The Claims Administrator shall disburse settlement awards to class members, Class Counsel's Court-approved attorneys' fees and costs, and Plaintiff's service award within five (5) days of the Final Court Order approving the settlement, (*i.e.*, the Effective Date of the settlement).

(8) the parties shall abide by all other terms of the Settlement Agreement.

BY THE COURT:

/s/ J. Curtis Joyner
_____
J. CURTIS JOYNER,    C.J.